# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF

In re:                              §
                                    §
LOREN DAVID SCHEEL                  §      Case No. 10-25448
                                    §
            Debtor(s)               §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on   . The undersigned trustee was appointed on   .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of            $

    Funds were disbursed in the following amounts:

    Payments made under an interim
    disbursement
    Administrative expenses
    Bank service fees
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]           $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was ____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $____, and now requests reimbursement for expenses of $____, for total expenses of $_____[2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____   By:/s/Gregg Szilagyi_____
                                                    Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 2**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 1

Exhibit A

| Case No: | 10-25448 | ERW | Judge: | Eugene R. Wedoff | | Trustee Name: | Gregg Szilagyi |
|---|---|---|---|---|---|---|---|
| Case Name: | LOREN DAVID SCHEEL | | | | | Date Filed (f) or Converted (c): | 06/04/10 (f) |
| | | | | | | 341(a) Meeting Date: | 08/09/10 |
| For Period Ending: 08/21/12 | | | | | | Claims Bar Date: | 04/14/11 |

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| | Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1 | 100% ownership of STI-Disc, Inc. (Non-operating domestic/int | 0.00 | 0.00 | DA | 0.00 | 0.00 |
| 2 | Household Goods | 1,891.00 | Unknown | | 1,000.00 | FA |
| 3 | CASH | 100.00 | 0.00 | DA | 0.00 | 0.00 |
| 4 | CHECKING, SAVINGS, ETC. - CHASE XXXXXX6001 | 2,492.51 | 0.00 | DA | 0.00 | 0.00 |
| 5 | CHECKING, SAVINGS, ETC. -- CHASE XXXXXX8860 | 310.86 | 0.00 | DA | 0.00 | 0.00 |
| 6 | CHECKING, SAVINGS, ETC. -- HARRIS XXXXXXX6812 | 643.86 | 0.00 | DA | 0.00 | 0.00 |
| 7 | BOOKS & CDS | 50.00 | Unknown | DA | 0.00 | Unknown |
| 8 | SILVER & CHINA COLLECTION | 1,250.00 | 1,250.00 | | 1,000.00 | 250.00 |
| 9 | WEARING APPAREL | 1,000.00 | 0.00 | DA | 0.00 | 0.00 |
| 10 | WATCHES & WEDDING RING | 3,150.00 | Unknown | | 1,000.00 | Unknown |
| 11 | GOLF CLUBS AND FISHING GEAR | 300.00 | Unknown | DA | 0.00 | Unknown |
| 12 | IROTH IRA - VANGUARD | 4,500.00 | 0.00 | DA | 0.00 | 0.00 |
| 13 | IRA - MORGAN STANLEY | 22,300.00 | 0.00 | DA | 0.00 | 0.00 |
| 14 | IRA - WELLS FARGO | 14,500.00 | 0.00 | DA | 0.00 | 0.00 |
| 15 | IRA - FIDELITY | 9,100.00 | 0.00 | DA | 0.00 | 0.00 |
| 16 | IRA - VANGUARD | 659,300.00 | 0.00 | DA | 0.00 | 0.00 |
| 17 | LOREN SCHEEL TRUST DATED 10/1/98 | Unknown | Unknown | | 11,250.00 | FA |
| 18 | 2009 INCOME TAX REFUND | 529.50 | 529.50 | | 529.50 | FA |
| INT | Post-Petition Interest Deposits (u) | Unknown | N/A | | 2.10 | Unknown |

TOTALS (Excluding Unknown Values)    $721,417.73    $1,779.50        $14,781.60

Gross Value of Remaining Assets
$250.00
(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

**UST Form 101-7-TFR (5/1/2011)** *(Page: 3)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2

Exhibit A

| | | | | | |
|---|---|---|---|---|---|
| Case No: | 10-25448 | ERW | Judge: Eugene R. Wedoff | Trustee Name: | Gregg Szilagyi |
| Case Name: | LOREN DAVID SCHEEL | | | Date Filed (f) or Converted (c): | 06/04/10 (f) |
| | | | | 341(a) Meeting Date: | 08/09/10 |
| For Period Ending: 08/21/12 | | | | Claims Bar Date: | 04/14/11 |

Initial Projected Date of Final Report (TFR):   12/31/11        Current Projected Date of Final Report (TFR):   / /

# FORM 2
## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

Case No: 10-25448  
Case Name: LOREN DAVID SCHEEL  
Taxpayer ID No: XX-XXX2865  
For Period Ending: 08/21/12  

Trustee Name: Gregg Szilagyi  
Bank Name: Bank of America  
Account Number/CD#: XXXXXX9172 - MONEY MARKET ACCOUNT  
Blanket Bond (per case limit): $5,000,000.00  
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 02/18/11 | | LOREN DAVID SCHEEL | PURCHASE OF NON-EXEMPT ASSETS | | 14,250.00 | | 14,250.00 |
| | | | Gross receipts 14,250.00 | | | | |
| | 10 | | WATCHES & WEDDING RING 1,000.00 | 1129-000 | | | |
| | 17 | | LOREN SCHEEL TRUST DATED 10/1/98 11,250.00 | 1129-000 | | | |
| | 2 | | Household Goods 1,000.00 | 1129-000 | | | |
| | 8 | | SILVER & CHINA COLLECTION 1,000.00 | 1129-000 | | | |
| 02/28/11 | INT | Bank of America | Interest Rate 0.010 | 1270-000 | 0.02 | | 14,250.02 |
| 03/31/11 | INT | Bank of America | Interest Rate 0.010 | 1270-000 | 0.12 | | 14,250.14 |
| 04/20/11 | 18 | LENORE M SCHEEL | 1/2 TAX REFUND FOR 2009 | 1124-000 | 529.50 | | 14,779.64 |
| 04/29/11 | INT | Bank of America | Interest Rate 0.010 | 1270-000 | 0.11 | | 14,779.75 |
| 05/31/11 | INT | Bank of America | Interest Rate 0.010 | 1270-000 | 0.13 | | 14,779.88 |
| 06/30/11 | INT | Bank of America | Interest Rate 0.010 | 1270-000 | 0.12 | | 14,780.00 |
| 07/29/11 | INT | Bank of America | Interest Rate 0.010 | 1270-000 | 0.12 | | 14,780.12 |
| 08/31/11 | INT | Bank of America | Interest Rate 0.010 | 1270-000 | 0.13 | | 14,780.25 |
| 09/30/11 | INT | Bank of America | Interest Rate 0.010 | 1270-000 | 0.12 | | 14,780.37 |
| 10/31/11 | INT | Bank of America | Interest Rate 0.010 | 1270-000 | 0.13 | | 14,780.50 |
| 10/31/11 | | Bank of America | BANK AND TECHNOLOGY SERVICE FEE | 2600-000 | | 18.83 | 14,761.67 |
| 11/30/11 | INT | Bank of America | Interest Rate 0.010 | 1270-000 | 0.12 | | 14,761.79 |
| 11/30/11 | | Bank of America | BANK AND TECHNOLOGY SERVICE FEE | 2600-000 | | 18.20 | 14,743.59 |
| 12/30/11 | INT | Bank of America | Interest Rate 0.010 | 1270-000 | 0.12 | | 14,743.71 |
| 12/30/11 | | Bank of America | BANK AND TECHNOLOGY SERVICE FEE | 2600-000 | | 18.18 | 14,725.53 |
| 01/31/12 | INT | Bank of America | Interest Rate 0.010 | 1270-000 | 0.13 | | 14,725.66 |
| 01/31/12 | | Bank of America | BANK AND TECHNOLOGY SERVICE FEE | 2600-000 | | 19.31 | 14,706.35 |
| 02/29/12 | INT | Bank of America | Interest Rate 0.010 | 1270-000 | 0.12 | | 14,706.47 |
| 02/29/12 | | Bank of America | BANK AND TECHNOLOGY SERVICE FEE | 2600-000 | | 17.48 | 14,688.99 |
| 03/30/12 | INT | Bank of America | Interest Rate 0.010 | 1270-000 | 0.12 | | 14,689.11 |
| 03/30/12 | | Bank of America | BANK AND TECHNOLOGY SERVICE FEE | 2600-000 | | 18.06 | 14,671.05 |
| 04/30/12 | INT | Bank of America | Interest Rate 0.010 | 1270-000 | 0.12 | | 14,671.17 |

Page Subtotals 14,781.23 110.06

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 2
Exhibit B

Case No: 10-25448
Case Name: LOREN DAVID SCHEEL
Taxpayer ID No: XX-XXX2865
For Period Ending: 08/21/12

Trustee Name: Gregg Szilagyi
Bank Name: Bank of America
Account Number/CD#: XXXXXX9172 - MONEY MARKET ACCOUNT
Blanket Bond (per case limit): $5,000,000.00
Separate Bond (if applicable):

| 1 Transaction Date | 2 Check or Reference | 3 Paid To / Received From | 4 Description Of Transaction | Uniform Tran. Code | 5 Deposits ($) | 6 Disbursements ($) | 7 Account/CD Balance ($) |
|---|---|---|---|---|---|---|---|
| 04/30/12 | | Bank of America | BANK AND TECHNOLOGY SERVICE FEE | 2600-000 | | 18.64 | 14,652.53 |
| 05/31/12 | INT | Bank of America | Interest Rate 0.010 | 1270-000 | 0.12 | | 14,652.65 |
| 05/31/12 | | Bank of America | BANK AND TECHNOLOGY SERVICE FEE | 2600-000 | | 18.62 | 14,634.03 |
| 06/29/12 | INT | Bank of America | Interest Rate 0.010 | 1270-000 | 0.12 | | 14,634.15 |
| 06/29/12 | | Bank of America | BANK AND TECHNOLOGY SERVICE FEE | 2600-000 | | 17.39 | 14,616.76 |
| 07/31/12 | INT | Bank of America | Interest Rate 0.010 | 1270-000 | 0.13 | | 14,616.89 |
| 07/31/12 | | Bank of America | BANK AND TECHNOLOGY SERVICE FEE | 2600-000 | | 19.17 | 14,597.72 |

|  | | |
|---|---|---|
| COLUMN TOTALS | 14,781.60 | 183.88 | 14,597.72 |
| Less: Bank Transfers/CD's | 0.00 | 0.00 | |
| Subtotal | 14,781.60 | 183.88 | |
| Less: Payments to Debtors | 0.00 | 0.00 | |
| Net | 14,781.60 | 183.88 | |

| TOTAL OF ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| MONEY MARKET ACCOUNT - XXXXXX9172 | 14,781.60 | 183.88 | 14,597.72 |
| | 14,781.60 | 183.88 | 14,597.72 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

Total Allocation Receipts: 0.00
Total Net Deposits: 14,781.60
Total Gross Receipts: 14,781.60

Page Subtotals  0.37  73.82

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 10-25448  
Debtor Name: SCHEEL, LOREN DAVID  
Claims Bar Date: 04/14/11  
Date: August 21, 2012

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Gregg Szilagyi<br>542 South Dearborn Street<br>Suite 1060<br>Chicago, Illinois 60605 | Administrative | | $0.00 | $2,228.16 | $2,228.16 |
| 100 2200 | Gregg Szilagyi<br>542 South Dearborn Street<br>Suite 1060<br>Chicago, Illinois 60605 | Administrative | | $0.00 | $0.00 | $0.00 |
| 100 3410 | POPOWCER KATTEN LTD.<br>35 EAST WACKER DRIVE<br>CHCIAGO, ILLINOIS 60601 | Administrative | | $0.00 | $900.00 | $900.00 |
| 3 230 5300 | Michael Cleary<br>12540 S. Menard<br>Alsip, IL 60803 | Priority | need ssn | $0.00 | $1,730.70 | $1,730.70 |
| 5 230 5300 | Gary M. Fischer<br>543 Vassar Ln<br>Des Plaines, IL 60016-2038 | Priority | | $0.00 | $7,211.50 | $7,211.50 |
| 1 300 7100 | JPMorgan Chase Bank, N.A.<br>as successor by merger to Bank one<br>c/o Michael L. Molinaro/Loeb & Loeb LLP<br>321 N. Clark Street<br>Suite 2300<br>Chicago, IL 60654 | Unsecured | | $0.00 | $1,609,297.96 | $1,609,297.96 |
| 2 300 7100 | US Bank N.A.<br>P.O. Box 5229<br>Cincinnati, OH 45201 | Unsecured | | $0.00 | $13,140.75 | $13,140.75 |
| 4 300 7100 | Export-Import Bank<br>Attn: Cheryl Arceneaux<br>811 Vermont Avenue, N.W.<br>Washington, DC 20571 | Unsecured | | $0.00 | $1,456,003.75 | $1,456,003.75 |
| | Case Totals | | | $0.00 | $3,090,512.82 | $3,090,512.82 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 10-25448
Case Name: LOREN DAVID SCHEEL
Trustee Name: Gregg Szilagyi

    Balance on hand      $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Gregg Szilagyi | $ | $ | $ |
| Accountant for Trustee Fees: POPOWCER KATTEN LTD. | $ | $ | $ |

    Total to be paid for chapter 7 administrative expenses      $_____

    Remaining Balance      $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $     must be paid in advance of any dividend to general (unsecured) creditors.

    Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 3 | Michael Cleary | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 5 | Gary M. Fischer | $ | $ | $ |

    Total to be paid to priority creditors      $_____

    Remaining Balance      $_____

    The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

    Timely claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be _____ percent, plus interest (if applicable).

    Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | JPMorgan Chase Bank, N.A. | $ | $ | $ |
| 2 | US Bank N.A. | $ | $ | $ |
| 4 | Export-Import Bank | $ | $ | $ |

    Total to be paid to timely general unsecured creditors      $_____

    Remaining Balance      $_____

    Tardily filed claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be _____ percent.

    Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE